OPINION AND ORDER
BACKGROUND
¶ 1 This matter came before the Fort Peck Appellate Court on a Notice of Appeal, filed October 13, 2015 by Appellant Raymond Lamb. Appellant Lamb appears to be challenging paternity regarding the above-named minor child, challenging the award of child support by the lower court on September 28, 2015, and alleging a possible due process violation due to his unavailability to attend the scheduled hearing. Appellee Heather Daniels filed a responsive pleading on March 1,2016.
¶ 2 On September 22, 2015, a child support hearing was held regarding the above-named minor child. Appellee Daniels appeared at the hearing. Appellant Lamb did not appear. The record reflects that notice of an order granting a continuance for a previously scheduled hearing, along -with the date and time of the rescheduled hearing was served on Appellant Lamb by court process server on August 26, 2015.
¶ 3 After the September 22, 2015 hearing, the court issued an order on September 28, 2015 requiring Appellant Lamb to pay $300 per month in child support.
Statement of Jurisdiction
¶ 4 The Fort Peck Appellate Court has jurisdiction to review all final orders from the Fort Peck Tribal Court when a timely appeal is made. II CCOJ § 202. The order entered on September 28, 2015 is a final order and this appeal is deemed timely filed.
Issues
1. Did the lower court violate due process requirements when it held the hearing on September 22, 2015?
2. Did the lower Court improperly find Appellant Lamb to be the father of the child?
3. Did the lower court abuse it discretion when it awarded $300 per month for child support given the information contained in the lower court record?
Standard of Review
¶ 5 This Court has long recognized that it will not disturb lower court factual findings if such findings are supported by substantial evidence. Nor will it overturn a lower court decision if the lower court does not abuse its discretion when making a final determination in custody and child support matters. Title II CCOJ § 202. See generally In the Matter of D.R.B., FPCOA # 327 (2001) and In the Matter of B.R.Y., FPCOA # 419 (2003). Questions of law, however, are reviewed de novo. Title II CCOJ § 202.
*443 Discussion
¶ 6 The record in this matter reflects that Appellant Lamb was served notice of the continuance and re-scheduled hearing date on August 26, 2015. Appellant argues that he was gone to training when the re-scheduled hearing was held. Although Appellant could have filed a request for a continuance of the September 22, 2015 hearing, the only request for a continuance in the record relates to an August 2015 hearing. Absent an official request for a continuance by a party, the lower court has no basis for changing the date of a court hearing once it has been scheduled and notice served on the parties.
¶ 7 The imposition of child support is an obligation imposed on parents of minor children to insure a child’s needs are adequately met. In situations where the parents were not married, the court must evaluate the issue of paternity prior to imposing child support. The birth certificate for the minor child, admitted at the time of hearing, lists Raymond Lamb as the father. In addition, the evidence submitted to the lower court included an ac-knowledgement of paternity document signed by Appellant Lamb on June 5, 2015. This document is a notarized statement certifying that the information being provide is true and that the parties understand the responsibilities and consequences arising from signing the acknowl-edgement. Based on the record, there was sufficient reliable evidence submitted for both the lower court and this Court to determine that Appellant Raymond Lamb is the biological father of the minor child as a matter of law.
118 Child support is mentioned in Titles 8, 9 and 10 of the Fort Peck Comprehensive Code of Justice, however, there is virtually no guidance provided regarding what factors should be used when determining an appropriate child support amount. Given the lack of any substantive tribal legislation guiding child support calculation matters, the lower court cannot be found to have abused its discretion when determining appropriate child support so long as the lower court record can support the final child support award based on judicially accepted calculation methods. Redstone v. Tolefson, FPCOA # 357 (2001). Any specific limits on this discretion must be dictated through the tribal legislative process and not imposed by this Court.
¶ 9 Appellant indicates he cannot afford the child support imposed by the lower court. Determinations regarding the abilities of a parent to provide a specific amount of child support must be made by a trial court. Even though Appellant was not present at the lower court hearing, that court still had to base its child support determination on the information provided at the time of scheduled hearing. This Court will not set aside a finding by the lower court arising from a valid hearing unless the record indicates the court abused its discretion in some manner when awarding child support.
¶ 10 Although the lower court record does not articulate the precise reasons for imposing the amount of child support it did, there is nothing in the record to indicate that the imposed child support is unreasonable based on the alleged income of the noncustodial parent. Certainly, modification of a child support award can occur when a trial court finds current circumstances justify changing the amount of the support award. Appellant is free to file a motion requesting modification of the support order with the lower court or to reach an agreement with Appellee regarding child support which can be submitted to the lower court for approval. Appellant can also make a request to the lower court for *444 parenting time with his minor child if the parties cannot mutually agree upon the frequency and length of time for any contact between him and his child. This Court, however, does not have the power to unilaterally modify a child support award or impose parenting time.
¶ 11 Based on the above reasoning, this Court finds no due process violations, errors in application of law or abuse of discretion by the lower court in connection with its determination of child support in its September 28,2015 order.
ORDER
¶ 12 The lower court child support order issued September 28, 2015 is hereby AFFIRMED.
SO ORDERED.